DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Frederick J. Shaulis ("Shaulis"), appeals the decision of the Wayne County Court of Common Pleas. We affirm.
On February 22, 2001, the Wayne County grand jury indicted Shaulis on possession of crack cocaine in violation of R.C. 2925.11 and possession of cocaine in violation of 2925.11. On June 18, 2001, Shaulis moved the trial court to suppress evidence seized pursuant to a search warrant. The trial court denied the motion to suppress.
Shaulis entered a plea of no contest to both charges. On August 14, 2001, the trial court accepted Shaulis' plea and found Shaulis guilty of both charges. The trial court sentenced Shaulis to concurrent 2-year sentences for each count and suspended his driver's license for 2 years. This appeal followed.
 Assignment of Error: The trial court erred in denying appellant's motion to suppress evidence seized pursuant to a search warrant issued by the wayne county, Ohio, Municipal Court.
In his sole assignment of error, Shaulis argues that the search warrant used to obtain evidence was issued on less than probable cause. He also asserts the search warrant was facially defective and improperly executed. We disagree.
Crim.R. 41 governs the issuance of search warrants. Crim.R. 41(C) provides "[a] warrant shall issue under this rule only on an affidavit or affidavits sworn to before the judge of a court of record and establishing the grounds for issuing the warrant."
In State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, the Ohio Supreme Court stated:
 In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Illinois v. Gates
(1983), 462 U.S. 213, 238-239, followed.)
Once a warrant has been issued, the duty of the reviewing court is "simply to ensure that the [judge] had a substantial basis for concluding that probable cause existed." Id. at paragraph two of the syllabus. The judge's determination is entitled to great deference and marginal cases should be resolved in favor of upholding the warrant. Id.
A search warrant that contains a provision to search "all persons" on the premises "does not violate the Fourth Amendment requirement of particularity if the supporting affidavit shows probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant." State v.Kinney (1998), 83 Ohio St.3d 85, syllabus. The court shall determine the reasonableness of a search warrant containing an "all persons" provision by considering "the necessity for this type of search, that is, the nature and importance of the crime suspected, the purpose of the search and the difficulty of a more specific description of the persons to be searched." Id. at 95, citing People v. Nieves (1975), 330 N.E.2d 26, 34,36 N.Y.2d 396, 404-405.
In the present case, Officer Fiocca wrote the affidavit in support of the search warrant. His affidavit described a controlled drug purchase with the assistance of a confidential informant:
 C. On Saturday, February 3, 2001 confidential informant (C.I.) 5-13 met with surveillance personnel. C.I. 5-13 was searched and no contraband was found.
 D.C.I. 5-13 was equipped with an electronic transmitting device and MEDWAY buy money.
 E. Under the control and monitoring of the affiant C.I. went to the residence of Thomasina Garland at 159 Wright Street, Rittman, Wayne County, Ohio.
 F. Upon entering the residence C.I. 5-13 purchased marihuana from an unidentified subject in the kitchen of that residence.
 G. C.I. 5-13 exited the residence, met with the surveillance team, at which time C.I. 5-13 turned over one (1) clear plastic baggie of green/brown vegetable matter.
 H. C.I. 5-13 was again searched and no contraband was found.
 I. Affiant field tested the green vegetable matter with a positive result for marihuana.
We review the facts of this case mindful that great deference must be accorded to the judge's probable cause determination and that any doubts are to be resolved in upholding the warrant. George, 45 Ohio St.3d at paragraph two of the syllabus. Officer Fiocca's affidavit reveals that his suspicion of drug trafficking at this the private residence was based on a controlled and electronically monitored purchase of marihuana. Surveillance personnel and a confidential informant were involved in the controlled drug purchase. Based on the information contained in the affidavit, the judge had a substantial basis for concluding that sufficient probable cause existed for a search warrant and for the "all persons" provision. Thus, the search warrant was not defective.
We now turn to the procedure used for obtaining this warrant. At the suppression hearing, Officer Fiocca testified that he faxed a copy of his affidavit to the judge. After receiving the fax transmission, the officer and judge spoke over the telephone. The judge had Officer Fiocca swear that the faxed affidavit was true and correct and then they discussed the basic facts of the case. The judge prepared the search warrant and faxed it to Officer Fiocca at the police station.
While it is technically incorrect to have a judge acknowledge an affidavit received by a fax transmission, we find that such error was not prejudicial. See State v. Wilmoth (1986), 22 Ohio St.3d 251, 264. The facts indicate that Shaulis received all of his constitutional guarantees. A neutral judge issued the search warrant only after the receipt of a reliable and credible affidavit via the fax transmission and sworn testimony via the telephone conversation. A review of the record indicates that there was sufficient evidence provided to the judge for him to make a probable cause determination.
Based on the foregoing, the trial court correctly denied Shaulis' motion to suppress. Shaulis' sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.